UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOSEFINA QUEZADA, individually and on behalf of all others similarly situated,

       Plaintiff,

  v.

LOAN CENTER OF CALIFORNIA, INCORPORATED, EMC MORTGAGE CORPORATION, STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC., BANK OF NEW YORK MELLON CORPORATION, and DOES 1 through 10 inclusive,

       Defendants.

                             /

NO. CIV. 08-00177 WBS KJM

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for September 22, 2008.

I.    <u>SERVICE OF PROCESS</u>

The parties have failed to indicate whether the named

1

defendants have been served.  Plaintiff has thirty days from the date of this Order to serve any named or new defendants that have not been served, after which time, no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

## II. JOINDER OF PARTIES/AMENDMENTS

Plaintiff anticipates the joinder of other, unknown parties in the "loan chain."  Plaintiff may amend the complaint to join additional defendants within thirty days of the date of this order.  Except as provided above, no further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III. JURISDICTION/VENUE

Jurisdiction is predicated upon 15 U.S.C. § 1601, et seq. (Truth in Lending Act).  Supplemental jurisdiction is predicated on 28 U.S.C. 1367.  Venue is undisputed and is hereby found to be proper.

## IV. DISCOVERY

The parties have stipulated that each party will serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by no later than October 6, 2008.

Plaintiff and defendant shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than July 31, 2009.  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with

Federal Rule of Civil Procedure 26(a)(2) on or before August 31, 2009.

Pursuant to Federal Rule of Civil Procedure 26(b)(2)(A), each party may take up to twenty depositions and serve up to seventy-five interrogatories.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be <u>completed</u> by October 19, 2009. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than October 19, 2009.

V.   <u>MOTION HEARING SCHEDULE</u>

The parties have agreed to the following schedule for class certification: 1) Plaintiff shall file her class certification motion by January 19, 2009 and, upon filing the motion, calendar the motion to be heard for oral argument on April 13, 2009 at 2:00 p.m.; 2) Defendants shall file their opposition by March 9, 2009; and 3) Plaintiff shall file any reply by March 30, 2009.

All other motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before December 14, 2009. All motions shall be noticed for the next available hearing date. Counsel are

cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

### VI. FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for February 22, 2010 at 2:00 p.m. in Courtroom No. 5. The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel shall file separate pretrial statements, and are referred to Local Rules 16-281 and 16-282 relating to the contents of and time for filing those statements. In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 16-281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto. If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

### VII. TRIAL SETTING

The jury trial is set for April 20, 2010 at 9:00 a.m. The parties anticipate that the trial will last ten to fifteen court days.

### VIII. SETTLEMENT CONFERENCE

A Settlement Conference will be set at the time of the Pretrial Conference. All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge. If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

### IX. MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the dates of the final Pretrial Conference or trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

DATED:   September 19, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE