UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOSEFINA QUEZADA, individually
and on behalf of all others
similarly situated,

         Plaintiff,

   v.

LOAN CENTER OF CALIFORNIA,
INCORPORATED, EMC MORTGAGE
CORPORATION, STRUCTURED ASSET
MORTGAGE INVESTMENTS II, INC.,
THE BANK OF NEW YORK MELLON,
and DOES 1 through 10,
inclusive,

         Defendants.
_____/

NO. CIV. 08-177 WBS KJM

ORDER

----oo0oo----

         The parties have submitted a stipulated protective order to govern discovery in this case. (Docket No. 65.) As a blanket protective order, the stipulation would "allow[] a party . . . producing a document to initially determine whether such document is confidential, without court intervention." <u>Biovail Labs., Inc. v. Anchen Pharm., Inc.</u>, 463 F. Supp. 2d 1073, 1079

1

1  (C.D. Cal. 2006).

2          "It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999). Federal Rule of Civil Procedure 26(c) permits a district court to override this presumption only where "good cause" is shown. Id. Although the Ninth Circuit has noted that "a party seeking the protection of the court via a blanket protective order typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document," Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1133 (9th Cir. 2003) (emphasis added), such protective orders are not inherently entitled to entry without justification. Indeed, because the "fruits of pretrial discovery . . . presumptively public," the court has an independent obligation not to indiscriminately ratify any agreement into which litigants may enter which could have the effect of shielding discovery materials from public disclosure.

         Here, the stipulated blanket protective order proffered by the parties simply asserts that "[d]iscovery in this action is likely to involve production of confidential, proprietary, or private information." (Docket No. 65 at 2:2-3.) Unless and until the parties can show some reason to believe that discovery in this case will in fact involve information subject to privilege or other legally recognized protections, the court declines to enter their stipulated blanket protection order.

///
///

1    IT IS SO ORDERED.
2  DATED: June 11, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3