UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOSEFINA QUEZADA, individually and on behalf of all other similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>LOAN CENTER OF CALIFORNIA, INC., EMC MORTGAGE CORPORATION, STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC., BANK OF NEW YORK MELLON CORPORATION, and DOES 1 through 10 inclusive,<br><br>  Defendants.<br>_____/ | NO. CIV. 2:08-00177 WBS KJM<br><br><u>MEMORANDUM AND ORDER RE:</u><br><u>MOTION FOR DENIAL OR</u><br><u>CONTINUANCE OF DEFENDANTS'</u><br><u>SUMMARY JUDGMENT MOTION</u> |

----oo0oo----

Plaintiff Josefina Quezada brings this putative class action against defendants Loan Center of California, Inc. ("Loan Center"), EMC Mortgage Corporation ("EMC"), Structured Asset Mortgage Investments II, Inc. ("SAMI"), and the Bank of New York Mellon Corporation ("BNYM") for violations of the Truth in

1

Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f; violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210; fraudulent omissions; breach of contract; and breach of the covenant of good faith and fair dealing.  EMC, SAMI, and BNYM filed a motion for summary judgment, which is pending before the court.  Currently before the court is plaintiff's motion to deny or continue defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(f).

I.   Factual and Procedural Background

Plaintiff's causes of action arise out of her purchase of an adjustable rate mortgage.  Plaintiff alleges that EMI, SAMI, and BNYM, who at one time or another procured plaintiff's loan, acted in concert with Loan Center and aided and abetted Loan Center's wrongful conduct that failed to adequately disclose the terms of plaintiff's loan.  (Docket No. 92 3:5-11.) The particular facts of this case have been addressed at length by the court in its previous orders, and do not all bear repeating here.  (See e.g., Docket No. 42.)

On September 23, 2008, the court issued a Pretrial Scheduling Order setting October 19, 2009, as the discovery completion date.  (Docket No. 32.)  Plaintiff served her first set of requests for production of documents and interrogatories on Sept. 18, 2008, which defendants responded to on November 6, 2008.  (Shub Decl. ¶¶ 2, 5.)  Feeling defendants' response was inadequate, plaintiff served a second set of requests for production and interrogatories on December 9, 2008, which defendant responded to on February 17, 2009.  (Id. at ¶ 6.)  On

1  May 1, 2009 plaintiff served a notice of deposition pursuant to
2  Federal Rule of Civil Procedure 20(b)(6) that identified topics
3  on which plaintiff sought the testimony of an EMC corporate
4  representative.  (Id. at ¶ 8.)  On May 13, 2009 and May 19, 2009,
5  the parties met and conferred due to plaintiff's concern that
6  defendants' supplemental discovery responses were insufficient.
7  (Id. at ¶ 7.)  However, these discussions did not result in the
8  responses or production of documents plaintiff desired.  (Id. at
9  ¶¶ 10-12.)

10       Accordingly, plaintiff filed a motion to compel further
11 production of documents and responses to interrogatories, as well
12 as for EMC to produce a 30(b)(6) representative for deposition on
13 June 17, 2009.  (Docket No. 71.)  On October 9, 2009, the
14 assigned Magistrate Judge granted plaintiff's motion to compel
15 regarding her requests for production nos. 5 and 10, which ask
16 EMC, SAMI, and BNYM for "all documents that summarize [their]
17 purchase and subsequent securitization of all the subject ARM
18 loans [they] purchased from Loan Center" and "all documents that
19 refer, reflect or relate to [their] policies, procedures, and
20 practices concerning [their] securitization of the subject ARM
21 loans."  (Docket No. 87; Shub Decl. ¶ 20.)  Defendants' response
22 to these document requests is still outstanding, and is due on
23 November 9, 2009.  (Docket No. 87; Shub Decl. ¶ 21.)

24       On the same day as the Magistrate Judge's ruling on the
25 motion to compel, October 9, 2009, EMC, SAMI, and BNYM filed
26 their motion for summary judgment.  (Docket No. 85.)  Plaintiff's
27 opposition to this motion is due on November 9, 2009, the same
28 day as the deadline for defendants to comply with the court's

3

Order on plaintiff's motion to compel.  Due to this conflict, plaintiff filed this motion to deny or continue defendants' motion for summary judgment pursuant to Rule 56(f) on October 19, 2009.  (Docket No. 92.)

II. Discussion

Federal Rule of Civil Procedure 56(f) provides that, "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order."  Fed. R. Civ. P. 56(f).  "[T]he Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'"  Metabolife v. Wornick, 264 F.3d 832, 846 (9th Cir. 2001)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986)).

For a court to grant a Rule 56(f) motion, the party requesting it "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion."  California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).  A court must liberally construe a Rule 56(f) motion and "should continue a summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment."  Id.; Visa Int'l

Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986).

Plaintiff's counsel has submitted a signed declaration for a continuance or dismissal of EMC, SAMI, and BNYM's motion for summary judgment pursuant to Rule 56(f).  (See Shub Decl.)  In that declaration, plaintiff's counsel states that taking a declaration from an EMC corporate representative and obtaining the documents in the outstanding discovery Order would allow plaintiff to establish the close relationship between Loan Center and EMC, SAMI, and BNYM, which will support plaintiff's claim that EMC, SAMI, and BNYM aided and abetted Loan Center in the loan scheme plead in her complaint.  (Id. at ¶¶ 22-28.)  One of EMC, SAMI, and BNYM's central arguments in their motion to dismiss is that they cannot be vicariously liable under the UCL or for fraudulent omissions because there is insufficient evidence to support plaintiff's allegations that they aided and abetted Loan Center's conduct in connection with the origination of plaintiff's loan.  (Docket No. 85, Defs.' Mot. Summary Judgment 17-20.)  Plaintiff's counsel contends that the outstanding discovery requests and deposition are necessary to oppose this essential component of EMC, SAMI, and BNYM's motion for summary judgment.  Plaintiff's counsel further states that it will be impossible for plaintiff to write an adequate opposition to the summary judgment motion by November 9, 2009, since the outstanding production requests must be produced on the date her opposition is due.  (Shub Decl. ¶ 24.)

Plaintiff has sufficiently stated that she hopes to solicit that EMC, SAMI and BNYM operated closely with Loan Center

with respect to plaintiff's loan servicing and securitization and aided Loan Center in its alleged scheme.  It would be highly prejudicial to plaintiff to rule on EMC, SAMI, and BNYM's motion for summary judgment before plaintiff had an opportunity to adequately review the documents that this court has ordered EMC, SAMI, and BNYM to provide to her when the documents go directly to an issue heavily raised in defendants' summary judgment motion.[1]  "[D]enying a 56(f) motion is 'especially inappropriate where the material sought is also the subject of outstanding discovery requests.'" FTC v. Neovi, Inc., No. 06-CV-1952-JLS (JMA), 2008 WL 131361, at *2 (S.D. Cal. Jan. 11, 2008)(citing Stearns Airport Equip. Co. v. FMC Corp., 170 F.3d 518, 534 (5th Cir. 1999)); VISA Int'l Serv. Ass'n, 784 F.2d at 1475.  The court therefore must provide plaintiff time to review the discovery documents and take an EMC corporate representative's deposition, and will grant plaintiff's motion.

Plaintiff has proposed that defendants' motion for summary judgment be continued from November 23, 2009, to January 19, 2010.  (See Docket No. 94.)  Currently, plaintiff's class certification motion is set to be heard by the court on January 7, 2010.  (See Docket No. 81.)  Defendants stress that they have no objection to the court giving plaintiff additional time to prepare her opposition to defendants' summary judgment motion, so

---

[1] While defendants claim that they "expect" to produce the documents subject to the court's order before the November 9, 2009 deadline and hold the deposition of an EMC representative by November 4, 2009, these representations by no means guarantee that plaintiff will have adequate time to inspect the documents and review the deposition before filing her opposition to the summary judgment motion.

6

long as the summary judgment motion is decided before class certification. (Defs.' Opp'n 8:13-18.) Defendants argue that their summary judgment motion will impact class certification and that the court may appropriately hear a Rule 56 motion before certification to minimize the costs of the suit to defendants. See Wright v. Schock, 742 F.2d 541, 544 (9th Cir. 1984). However, early resolution of a motion for summary judgment before class certification is often inappropriate, and it is within the court's discretion to decide a summary judgment motion first where granting the motion "is likely to protect the parties and the court from needless further and costly litigation." West v. Circle K Stores, Inc., No. Civ. 040438 WBS GGH, 2006 WL 355214, at *1 (E.D. Cal. Feb. 14, 2006)(internal quotation marks and citation omitted).[2]

       The court does not believe hearing defendants' summary judgment motion is likely to protect the parties from further litigation, since the class certification petition is almost fully briefed and is already scheduled on the court's calendar. Additionally, defendants' contention that plaintiff lacks standing for certification on her fraudulent omissions and UCL

---

[2] Pre-certification summary judgment is often inappropriate because "the relative merits of the underlying dispute are to have no impact upon the determination of the propriety of the class action." Thompson v. County of Medina, 29 F.3d 238, 241 (6th Cir. 1994) (quoting Marx v. Centran Corp., 747 F.2d 1536, 1552 (6th Cir. 1984)). Additionally, "it is preferable to review a motion for class certification first [because] a quick disposition on the merits is often not possible." Chavez v. Ill. State Police, 251 F.3d 612, 630 (7th Cir. 2001). Early certification is also often important "to identify the stakes of a case so that the parties may choose their litigation strategies accordingly." Bieneman v. City of Chicago, 838 F.2d 962, 964 (7th Cir. 1988).

7

claims because of her failure to prove reliance and causation overlaps with their arguments in their summary judgment motion. (See Docket No. 102 12-15).

IT IS THEREFORE ORDERED that plaintiff's motion to continue the hearing on defendants' motion for summary judgment be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the hearing on defendants' motion for summary judgment be, and the same hereby is, CONTINUED to January 19, 2010, at 2:00 p.m.  Plaintiff's opposition shall be due on January 5, 2010, by 4:00 p.m.  Defendants' reply, if any, shall be due on January 12, 2010, by 4:00 p.m.

DATED:  November 5, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE